RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/18/14

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TERRI L. MATTHEWS,[1] <br>     Plaintiff | CIVIL ACTION <br> NO. 1:13-CV-02303 |
| VERSUS | |
| CITY OF ALEXANDRIA, <br>     Defendant | JUDGE DEE D. DRELL <br> MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983[2] by pro se plaintiff Terri L. Matthews ("Matthews") on behalf of KMW and GDM, two minors, on July 18, 2013 and amended on September 13, 2013 (Doc. 8). The named defendant is the City of Alexandria. Matthews contends that, on August 12, 2012, she was falsely arrested by a City of Alexandria police

---

[1] Matthews added two additional plaintiffs in the caption of her amended complaint, but did not describe them in her amended complaint, nor did they sign the amended complaint. The Clerk's Office added the additional names as plaintiffs in the action, but only gave their initials and showed that Matthews was acting on their behalf. Since the amended complaint does not state that Matthews has authority to act on behalf of anyone else, the initials and "obo" were added by the Clerk's office in error. Since the additional plaintiffs did not sign the complaint, they will not be added as plaintiffs in this action and should be removed from the docket sheet.

[2] The docket sheet shows this is an action pursuant to 42 U.S.C. §1981. However, the Clerk's office apparently made that statutory selection, since it is not alleged in the complaint. Since Matthews is alleging constitutional violations made by a "person" acting under color of state law, the case is proceeding under 42 U.S.C. § 1983.

officer for "disturbing the peace," and she was falsely imprisoned for twelve hours (Docs. 1, 3). Matthews also alleges state law claims for battery and kidnapping. For relief, Matthews asks for monetary damages and costs (Docs. 1, 3).

Matthews contends that, on August 12, 2012, when she was on her way to a prescheduled meeting with the FBI in Alexandria concerning wrongdoing by the government of the Village of Robeline, she stopped at a convenience store, saw Corporal Michaels standing by the store entrance and asked him Michaels for directions to the FBI building. Matthews alleges that, while speaking to Corporal Michaels, Matthews received a telephone call from her son; when the call concluded, Corporal Michaels took Matthews' phone from her and began looking through it (Doc. 1). Matthews alleges that Corporal Michaels then walked over to Matthews' truck and began looking through it (Doc. 1). When Matthews told Corporal Michaels that he did not have her permission to search her truck, he arrested Matthews, impounded her truck, held her in jail for twelve hours (Doc. 1), and released her at 10:30 p.m. (Doc. 1). Matthews alleges she was not given a telephone call while she was in jail and her life was threatened twice by guards (Doc. 1). Matthews further alleges that she was not allowed to get her truck out of impoundment, so she had to take a taxi back to Robeline. Matthews contends that she has been to court in Alexandria three times, once for her arraignment and twice for hearings, but the case has never

been prosecuted further (Doc. 1).[3]

The City of Alexandria answered the complaints (Docs. 5, 10), and filed a motion to dismiss the complaints for failure to state a claim on which relief may be granted and for untimeliness (Doc. 11).

Matthew then filed two motions to amend her complaint (Docs. 20, 24), which the defendant opposes (Docs. 22, 26). Those motions are dealt with in a separate order.

Defendant's motion to dismiss is now before the court for disposition.

<u>Law and Analysis</u>

A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. <u>Crowe v. Henry</u>, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Hirras v. National Railroad Passenger Corp.</u>, 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231, 114 S.Ct. 2732 (1994); <u>Doe</u>, 753 F.2d at 1102. For the purposes of a

---

[3] Matthews contends that she was falsely arrested in August 2012 as part of a chain of events which began during the mayoral race in Robeline, Louisiana in 2006 (Doc. 8). The history of those events is also set forth in Matthews' amended complaint (Doc. 8).

3

motion to dismiss for failure to state a claim upon which relief can be granted, the factual allegations of the complaint must be taken as true, and any ambiguities must be resolved in favor of the pleader. <u>Doe v. U.S. Dept. of Justice</u>, 753 F.2d 1092, 1101 (D.C.Cir. 1985). It is presumed that general allegations embrace the specific facts that are necessary to support the claim. <u>National Organization for Women, Inc. v. Scheidler</u>, 510 U.S. 249, 114 S.Ct. 798, 803 (1994), citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 112 S.Ct. 2130, 2137 (1992).

<u>Statute of Limitation</u>

The City of Alexandria contends that Matthews' complaint is untimely pursuant to the applicable one year statute of limitation.

Section 1983 actions in Louisiana are governed by a one year prescriptive period. La.C.C. art 3492; <u>Wilson v. Garcia</u>, 471 U.S. 261, 105 S.Ct. 1938 (1985); <u>McGregor v. LSU Bd. of Supervisors</u>, 3 F.3d 850, 864 (5th Cir. 1993), cert. den., 510 U.S. 1131, 114 S.Ct. 1103 (1994). This prescriptive period commences to run from the date injuries or damages are sustained, <u>Washington v. Breaux</u>, 782 F.2d 553, 554 (5th Cir. 1986), or, under the doctrine of contra non valentum, from the time the plaintiff knew or could reasonably have known he had a cause of action, <u>McGregor</u>, 3 F.3d at 865. Also, <u>Corsey v. State Dept. of Corrections</u>, 375 So.2d 1319, 1322 (La. 1979). The continuing violation theory provides that where the last act alleged is part of an ongoing pattern of discrimination

and occurs within the filing period, allegations concerning earlier acts are not time-barred. McGregor, 3 F.3d at 866.

Under the facts presented by Matthews in her complaint, any cause of action she may have had for her arrest and imprisonment on October 12, 2012, culminated on October 12, 2012, because she contends she was released at about 10:30 that evening. Therefore, any cause of action Matthews may have had prescribed on October 13, 2013. This suit was timely was filed on July 18, 2013. Defendants contend that the other events alleged by Matthews, which preceded the arrest in 2012, are prescribed. However, Matthews makes it clear in her complaints that she is suing only for her false arrest, imprisonment, battery and kidnapping by City of Alexandria officers on October 12, 2012, and that the other events are alleged as the background events which led to her arrest and imprisonment in Alexandria in October 2012.

Since Matthews' suit was filed timely, defendants' motion to dismiss on the ground of untimeliness should be denied.

Municipal Liability

Next, the City of Alexandria contends Matthews has failed to state a claim against it for false arrest, false imprisonment, and battery[4] because Matthews has failed to allege a municipal policy

---

[4] The constitutional torts of false arrest, unreasonable seizure, and false imprisonment require a showing that there was no probable cause. Brown v. Lyford, 243 F.3d 185, 189 (5th Cir. 2001), cert. den., 122 S.Ct. 46 (U.S. 2001). Also, Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225 (1964). An officer has

custom.

First, it is noted that the heightened pleading requirement does not apply in civil rights cases brought against municipalities. Schultea, 47 F.3d at 1432, citing Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164, 113 S.Ct. 1160 (1993). Moreover, municipalities are not entitled to qualified immunity. Owen v. City of Independence, Mo., 445 U.S. 622, 650, 100 S.Ct. 1398, 1415 (1980).

In Monell v. New York City Dept. of Social Services, 436 U.S. 658, 689, 98 S.Ct. 2018, 2035 (1978), the Supreme Court held that municipalities and other local governmental bodies are "persons" within the meaning of Section 1983, and that, since there is no respondeat superior liability under Section 1983, a municipality may not be held liable under Section 1983 solely because it employs

---

probable cause to arrest if, at the time of the arrest, he had knowledge that would warrant a prudent person's belief that the person arrested had already committed or was committing a crime. See Gladden v. Roach, 864 F.2d 1196, 1199 (5th Cir.), cert. den., 491 U.S. 907, 109 S.Ct. 3192 (1989). Also, Hunter v. Bryant, 502 U.S. 224, 228, 112 S.Ct. 534 (1991),
   To state a claim for false imprisonment or arrest, a plaintiff must allege his confinement was illegal and not the subject of a valid warrant or indictment. Duckett v. City of Cedar Park, Tex., 950 F.2d 272, 279 (5th Cir. 1992). A detention effectuated pursuant to a warrant in conformity with the Fourth Amendment does not amount to a violation of the Constitution. Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994). Thus, a claim of false imprisonment, for failure to exercise due diligence in making sure that the person arrested and detained is actually the person sought under the warrant, is not a constitutional claim but merely a state tort law claim. Baker, 443 U.S. at 2695, 99 S.Ct. at 146.

a tortfeasor.

The Supreme Court has also held that a plaintiff seeking to impose liability on a municipality under Section 1983 is required to identify a municipal "policy" or "custom" that caused the plaintiff's injury. Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 403-404, 117 S.Ct. 1382, 1388 (1997).

In Burge v. Parish of St. Tammany, 187 F.3d 452, 471 (5th Cir. 1999), the Fifth Circuit explained that the official policy requirement may be met in at least three different ways: (1) when the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy, (2) where no official policy was announced or promulgated but the action of the policymaker itself violated a constitutional right; and (3) even when the policymaker fails to act affirmatively at all, if the need to take some action to control the agents of the local governmental entity is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need. Burge, 187 F.3d at 471, and cases cited

therein. A showing of simple or even heightened negligence will not suffice. Board of Cty. Com'rs of Bryan Cty. v. Brown, 520 U.S. 397, 405, 117 S.Ct. 1382, 1389-90 (1997), and cases cited therein. See also, Rhyne v. Henderson Cty., 973 F.2d 386, 392 (5th Cir. 1992).

Municipal liability, under Section 1983, attaches where a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. Therefore, municipal liability may attach to a *single decision* to take unlawful action made by a municipal policymaker. Pembauer v. City of Cincinnati, 475 U.S. 469, 483, 106 S.Ct. 1292, 1300 (1986). Also, Burge, 187 F.3d at 470-471. Where action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken *only once* or to be taken repeatedly. Pembauer, 475 U.S. at 481, 106 S.Ct. at 1299.

Matthews has not alleged any custom or policy by the City of Alexandria which was a cause of her allegedly false arrest, false imprisonment, and the battery. Matthews also has not named any individual defendants who were involved in the alleged false arrest, battery, and false imprisonment.

Fed.R.Civ.P. rule 15(a)(2) states, "In all other cases, a party may amend its pleading only with the opposing party's written

consent or the court's leave. The court should freely give leave when justice so requires." If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test her claim on the merits. In the absence of any apparent of declared reason-such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the ruled requires, be "freely given." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). Although the grant or denial of an opportunity to amend is within the discretion of the District Court, outright refusal to grant the leave without any justifying reason appearing for the denial is not and exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. Foman, 371 U.S. at 182, 83 S.Ct. at 230.

Moreover, where a pro se litigant who improperly names defendants, the correct remedy is permissive amendment of the complaint. Allowing amendment of the complaint corresponds with the philosophy of liberal reading of pro se pleadings. Guidry v. Jefferson Cty. Detention Ctr., 868 F.Supp. 189, 191 (E.D.Tex. 1994), and cases cited therein. Also, Dayse v. Schuldt, 894 F.2d 170, 174 (5th Cir. 1990); Gallegos v. State of La. Code of Criminal

Procedure Art. 658 Para. A and C(4)</u>, 858 F.2d 1091, 1091-92 (5th Cir. 1988); <u>Chancery Clerk of Chickasaw County, Miss. v. Wallace</u>, 646 FF.2d 151, 160 (5th Cir. 1981); <u>Wright v. El Paso Cty. Jail</u>, 642 F.2d 134, 136 n.3 (5th Cir. 1981); <u>Lewis v. Houston Cty. Jail</u>, 876 F.Supp. 861 (D.Tex. 1995).

Since Matthews is proceeding pro se, she should be allowed an opportunity to amend his complaint to add defendants and to allege a custom or policy by the City of Alexandria which was a cause of the alleged constitutional violations. Although Matthews has not yet been afforded the opportunity to amend her complaint to identify a municipal policy or custom which was a cause of her injuries, she has two pending motions to amend her complaint (Docs. 20, 24). Those motions will be dealt with in a separate order issued this day, and Matthews will be afforded an opportunity to amend her complaint to allege a municipal custom or policy of the City of Alexandria.

Therefore, the motion to dismiss filed on behalf of the City of Alexandria, pursuant to Rule 12(b)(6) for failure to state a claim under Section 1983, should be denied at this time. Defendant(s) may file another motion to dismiss, or other dispositive motion, at the appropriate time after the amended complaints have been filed and served.

Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that

defendants' motion to dismiss (Doc. 11) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 18th day of July 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE