RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10/29/14
MB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TERRI L. MATTHEWS,<br>    Plaintiff | CIVIL ACTION<br>NO. 1:13-CV-02303 |
| VERSUS | |
| CITY OF ALEXANDRIA,<br>    Defendant | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by pro se plaintiff Terri L. Matthews ("Matthews") on July 18, 2013 (Doc. 1) and amended on September 13, 2013 (Doc. 8). The named defendants are the City of Alexandria, Corporal Michaels, Pam McCarthy and Guard Grayson. Matthews contends that, on August 12, 2012, she was falsely arrested by a City of Alexandria police officer for "disturbing the peace," and she was falsely imprisoned for twelve hours (Docs. 1, 3). Matthews also alleges state law claims for battery and kidnapping. For relief, Matthews asks for monetary damages and costs (Docs. 1, 3).

Matthews contends that, on August 12, 2012, when she was on her way to a prescheduled meeting with the FBI in Alexandria concerning wrongdoing by the government of the Village of Robeline, she stopped at a convenience store, saw Corporal Michaels standing by the store entrance and asked him for directions to the FBI building. Matthews alleges that, while speaking to Corporal

Michaels, Matthews received a telephone call from her son; when the call concluded, Corporal Michaels took Matthews' phone from her and began looking through it (Doc. 1). Matthews alleges that Corporal Michaels then walked over to Matthews' truck and began looking through it (Doc. 1). When Matthews told Corporal Michaels that he did not have her permission to search her truck, he arrested Matthews, impounded her truck, held her in jail for twelve hours (Doc. 1), and released her at 10:30 p.m. (Doc. 1). Matthews alleges she was not given a telephone call while she was in jail and her life was threatened twice by guards (Doc. 1). Matthews further alleges that she was not allowed to get her truck out of impoundment, so she had to take a taxi back to Robeline. Matthews contends that she has been to court in Alexandria three times, once for her arraignment and twice for hearings, but the case has never been prosecuted further (Doc. 1).[1]

The City of Alexandria answered the complaints (Docs. 5, 10), and filed a motion to dismiss the complaints for failure to state a claim on which relief may be granted and for untimeliness (Doc. 11). That motion was denied (Doc. 37) and Matthews was afforded an opportunity to amend her complaint.

Matthews filed amended complaints (Docs. 38, 49) and the City

---

[1] Matthews contends that she was falsely arrested in August 2012 as part of a chain of events which began during the mayoral race in Robeline, Louisiana in 2006 (Doc. 8). The history of those events is also set forth in Matthews' amended complaint (Doc. 8).

of Alexandria filed a second motion to dismiss (Doc. 50).

Defendant's second motion to dismiss is now before the court for disposition.

## Law and Analysis

A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hirras v. National Railroad Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231, 114 S.Ct. 2732 (1994); Doe, 753 F.2d at 1102. For the purposes of a motion to dismiss for failure to state a claim upon which relief can be granted, the factual allegations of the complaint must be taken as true, and any ambiguities must be resolved in favor of the pleader. Doe v. U.S. Dept. of Justice, 753 F.2d 1092, 1101 (D.C.Cir. 1985). It is presumed that general allegations embrace the specific facts that are necessary to support the claim. National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 114 S.Ct. 798, 803 (1994), citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 2137 (1992).

## Municipal Liability

The City of Alexandria contends Matthews failed to state a claim against it for false arrest, false imprisonment, and battery because Matthews has failed to allege any municipal policies or customs, or acts or omissions by a policymaker, that caused her injury.

1.

In Monell v. New York City Dept. of Social Services, 436 U.S. 658, 689, 98 S.Ct. 2018, 2035 (1978), the Supreme Court held that municipalities and other local governmental bodies are "persons" within the meaning of Section 1983, and that, since there is no respondeat superior liability under Section 1983, a municipality may not be held liable under Section 1983 solely because it employs a tortfeasor.

The Supreme Court has also held that a plaintiff seeking to impose liability on a municipality under Section 1983 is required to identify a municipal "policy" or "custom" that caused the plaintiff's injury. Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 403-404, 117 S.Ct. 1382, 1388 (1997).

In Burge v. Parish of St. Tammany, 187 F.3d 452, 471 (5th Cir. 1999), the Fifth Circuit explained that the official policy

requirement may be met in at least three different ways: (1) when the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy, (2) where no official policy was announced or promulgated but the action of the policymaker itself violated a constitutional right; and (3) even when the policymaker fails to act affirmatively at all, if the need to take some action to control the agents of the local governmental entity is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.  Burge, 187 F.3d at 471, and cases cited therein.  A showing of simple or even heightened negligence will not suffice. Board of Cty. Com'rs of Bryan Cty. v. Brown, 520 U.S. 397, 405, 117 S.Ct. 1382, 1389-90 (1997), and cases cited therein. See also, Rhyne v. Henderson Cty., 973 F.2d 386, 392 (5th Cir. 1992).

Municipal liability, under Section 1983, attaches where a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.  Therefore, municipal liability may attach to a *single decision* to take unlawful action made by a municipal policymaker. Pembauer v. City of Cincinnati, 475 U.S. 469, 483, 106 S.Ct. 1292,

1300 (1986). Also, <u>Burge</u>, 187 F.3d at 470-471. Where action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken *only once* or to be taken repeatedly. <u>Pembauer</u>, 475 U.S. at 481, 106 S.Ct. at 1299.

Matthews has not alleged a custom or policy by the City of Alexandria, or an act or omission by one of the City's policymakers, which was a cause of her alleged false arrest, false imprisonment, and battery. Therefore, Matthews has failed to state a claim against the City of Alexandria which is cognizable under Section 1983.

The City of Alexandria's second motion to dismiss (Doc. 50) should be granted as to Matthews' Section 1983 claims.

2.

Matthews also alleges state law claims for false arrest, false imprisonment, and battery against the City of Alexandria.

The use of force when necessary to make an arrest is a legitimate police function. But if the officers use unreasonable or excessive force, they and their employer are liable for any injuries which result. LSA-C.C. Art. 2320. <u>Kyle v. City of New Orleans</u>, 353 So.2d 969, 972 (La. 1977). An employer may be held liable for an assault and battery committed by an employee acting within the course and scope of his employment, and the use of unnecessary and excessive force by a police officer during the

6

performance of his official duties renders both the officer and his employer liable for the resulting injuries. Cheatham v. Lee, 277 So.2d 513, 516 (La. App. 1st Cir.), writ den., 279 So.2d 696 (1973), and cases cited therein. Louisiana state law imposes vicarious liability on a municipality for the excessive use of force by a police officer in effecting an arrest. Lewis v. Goodie, 798 F.Supp. 382, 391 (W.D.La. 1992), citing Braud v. Painter, 730 F.Supp. 1, 9 (M.D.La. 1990); La.C.C. art. 2320; Lamkin v. Brooks, 498 So.2d 1068 (La. 1986); Cheatham v. City of New Orleans, 378 So. 2d 369, 375 n.7 (La. 1979); LeBrane v. Lewis, 292 So.2d 216 (La. 1974); Applewhite v. City of Baton Rouge, 380 So.2d 119 (La. App. 1st Cir. 1979); Taylor v. City of Baton Rouge, 233 So.2d 325 (La. App. 1st Cir.), writ ref'd, 256 La. 255, 236 So.2d 32 (La. 1970). Louisiana state law also imposes vicarious liability on a municipality for a false arrest or imprisonment by its police officers. Touchton v. Kroger Co., 512 So.2d 520, 525 (La. App. 3d Cir. 1987), and cases cited therein; Justin v. City of New Orleans, 499 So.2d 629, 632 (La. App. 4th Cir. 1986), writ den., 501 So.2d 232 (1987).

Since Matthews' claims against Corporal Michaels and "Guard Grayson"[2] have not yet been considered, there has not been a

---

[2] The Rapides Parish Detention Center is under the care, custody and control of the Rapides Parish Sheriff, and is normally staffed with the Sheriff's employees. However, for purposes of this motion to dismiss, the undersigned will not assume that "Guard Grayson" is employed by the Rapides Parish

determination as to whether the City of Alexandria should be held vicariously liable to Matthews for their acts or omissions. Therefore, the City's motion to dismiss should be denied as to Matthews' state law claims.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the City of Alexandria's motion to dismiss (Doc. 50) be GRANTED IN PART and that Matthews' Section 1983 claims against the City of Alexandria be DENIED AND DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that the City of Alexandria's motion to dismiss (Doc. 50) be DENIED as to Matthews' state law claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required

---

Sheriff rather than by the City of Alexandria.
   Matthews also purports to name a "Guard at the Rapides Detention Center" of "Mexican Descent" as a defendant. That is inadequate to name a defendant.
   Finally, as alleged in Matthews' complaint, Pam McCarthy is employed by the Federal Bureau of Investigation, and is not employed by the City of Alexandria. Therefore, the City cannot be held vicariously liable for McCarthy's acts and omissions.

8

nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 29th day of October 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE