RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
4/10/15
JT

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TERRI L. MATTHEWS | CIVIL ACTION NO.: 1:13-2303 |
| VERSUS | |
| | JUDGE DEE D. DRELL |
| CITY OF ALEXANDRIA, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REVISED REPORT AND RECOMMENDATION

Before the court is defendant, Michael Grayson's motion to dismiss (Doc. 66) which was referred to me by the district judge for report and recommendation.

Pro se plaintiff, Terri L. Matthews ("Matthews"), filed a civil rights complaint pursuant to 42 U.S.C. §1983 on July 18, 2013 (Doc. 1) and amended her complaint on September 13, 2013 (Doc. 8), August 8 (Doc. 38) and September 12, 2014 (Doc 49).[1] Matthews names the City of Alexandria, Corporal Michaels, Pam McCarthy and Michael Grayson ("Grayson") as defendants and contends she was falsely arrested on August 12, 2012 by Corporal Michaels, a police officer with the City of Alexandria, for "disturbing the peace". She claims she was then falsely imprisoned for twelve hours and subjected to verbal threats by Grayson and an unidentified Hispanic officer. In addition to her §1983 claim, Matthews asserts state law claims for battery and kidnapping. For relief, she seeks money damages and costs.

---

[1] Matthews also attempted to file amended complaints on January 17, 2014 (D9c. 20) and February 14, 2014 (Doc. 24) but those amendments were denied in light of the issuance of a report and recommendation (Doc. 34 and 35).

Factual Allegations

Matthews was on her way to a prescheduled meeting at the Alexandria Field Office of the Federal Bureau of Investigations (FBI) on August 12, 2012. Upon arriving in Alexandria, Matthews stopped at a convenience store, saw Corporal Michaels standing by the store entrance and asked him for directions to the FBI building. Matthews contends that while speaking to Corporal Michaels, she received a telephone call from her son, which she answered. Upon completing the call, Corporal Michaels took her phone from her and began looking through it. Corporal Michaels then walked over to her truck and began conducting a search without permission. Matthews objected to the search and Corporal Michaels arrested her, impounded her truck and held her in jail for twelve hours.

While in jail, Matthews was denied the opportunity to make a telephone call and her life was threatened twice by two prison guards. Grayson told her he could kill her and no one would know, and an unidentified Hispanic guard threatened her with a knife.

Procedural History

The City of Alexandria answered Matthews' complaints (Doc. 5 and 10) and filed motions to dismiss the complaints for failure to state a claim (Doc. 11 and 50). The first motion was denied (Doc. 36) but the second was granted as to Matthews' civil rights claims and denied as to her state law claims (Doc. 57)

On February 25, 2015, Grayson filed the instant motion to dismiss contending any claims Matthews had against him had prescribed (Doc.

2

66). It is this motion that is presently before me and ripe for consideration.

## Law and Analysis

Because a §1983 action does not have its own statute of limitations period, Louisiana's one year prescriptive period governs. La.C.C. art. 3492; Wilson v. Garcia, 471 U.S. 261 (1985); McGregor v. LSU Board of Supervisors, 3 F.3d 850, 864 (1993), cert. den., 510 U.S. 1131 (1994). This prescriptive period commences to run from the date injuries or damages are sustained or, under the doctrine of contra non valentum, from the time the plaintiff knew or could reasonable have known he had a cause of action. Washington v. Breaux, 782 F.2d 553, 554 (5th Cir. 1986); McGregor, 3 F.3d at 865. Also Corsey v. State Dept. of Corrections, 375 So.2d. 1319, 1322 (La.1979).

Under the facts presented by Matthews, she was arrested on August 12, 2012 and held until 10:30 that night. Her interactions with Grayson were limited to that date. Accordingly, any cause of action Matthews may have had against Grayson accrued on August 12, 2012 and prescribed on August 13, 2013.

While the original complaint was timely filed on July 18, 2013, Matthews never named or described Grayson therein. In fact, she failed to identify or describe either of the guards or assert any facts indicating how the guards threatened her. The first mention of Grayson was in Matthews' proposed amended complaint that she filed in January 2014. Though the amendment was not allowed at the time, she was allowed to add Grayson as a party via the amendment filed on

September 12, 2014 and the delay in allowing that amendment did not prejudice her in any way.

Whether the amendment was accepted in January or September, the filing of a complaint naming Grayson was untimely as the statute of limitations ran on August 13, 2013. One way to circumvent dismissal based on prescription is if the amendment relates back to the original complaint.[2] Fed.R.Civ.P. rule 15(c) provides those instances under which an amended complaint may be found to relate back.

> (c) Relation Back of Amendments
>
> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The relation-back doctrine found in Rule 15(c) is meant to allow an amendment changing the name of a party to relate back to the

---

[2] Under Louisiana law, prescription may be interrupted against all solidary obligors when suit is timely filed against one solidary obligor. La.C.C. arts 1799 and 3503. However, in this case, the allegations do not indicate that Grayson is solidarily liable with any of the timely named defendants. Accordingly, there was no interruption of prescription as to claims against Grayson.

original complaint only if the change is the result of an error, such as a misnomer or misidentification. Whitt v. Stephens County, 529 F.3d 278, 282-83 (5th Cir.2008); Jacobsen v. Osbourne, 133 F.3d 315, 320 (5th Cir.1998). Failing to identify individual defendants cannot be characterized as a mistake. Id. Also, Locklear v. Bergman & Beving AB, 457 F.3d 363 (4th Cir.2006), cert. den. 549 U.S. 1208 (2007; Barrow v. Wethersfield Police Dept., 65 F.3d 466, 470 (2nd Cir.1995), modified 74 F.3d 1366 (2nd Cir.1996)(an amended complaint filed after the statute of limitations had run, to add defendants' names to a complaint which originally named "Johns Does", did not relate back to the original complaint).

Here, Matthews alleged generally that her life was threatened by two guards while she was detained. She did not describe these guards, attempt to name them or provide any allegations regarding their threats or misconduct. Thus, there was no indication that Matthews intended to assert a claim against Grayson or any other guard. Further, there is nothing within the timely filed complaints that would have lead Grayson to believe he might be sued. Matthews just failed to name Grayson, so relation back is not applicable to the case.

Even if the claims were timely, Matthews has not stated any actionable claims against Grayson. The alleged threats that "he could kill [her] and nobody would know" and that "he could make [her] wish [she] was dead" do not rise to the level of a §1983 violation. "Mere threatening language and gestures of a custodial officer do not, even

if true, amount to a constitutional violation." McFadden v. Luca, 713 F.2d 143, 146 (5th Cir.), cert. den. 464 U.S. 998 (1983).

Additionally, the claims are not actionable under Louisiana law. To bring a claim for intentional infliction of emotional distress, the plaintiff must show the conduct was so extreme and outrageous that it caused her severe emotional distress and that the defendant either desired that result or knew that his conduct would result in emotional distress. "Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. Persons must necessarily be expected to be hardened to a certain amount of rough language and to occasional acts that are definitely inconsiderate or unkind." White v. Monsanto, 585 So.2d 1205, 1210 (1991). By Matthews' account, she was subjected to Grayson's threats on two occasions during her 12 hour detention. There is no allegation that the conduct was ongoing or that she suffered emotional distress, much less severe emotional distress, as a result. Accordingly, the allegations do not give rise to a claim for intentional infliction of emotional distress.

Finally, to the extent Matthews' claim that she was denied a telephone call is asserted against Grayson, it too fails to state a claim. While incarcerated people maintain their First Amendment right to communicate with family and friends, an inmate has no right to unlimited telephone use. "The exact nature of telephone services to be provided to inmates is generally to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions." Washington v. Reno, 35 F.3d 1093, 1099-1100 (6th

Cir.1994)(citations omitted). In the instant case, Matthews was detained for 12 hours. Her inability to use the phone during that time frame was not unreasonable. Accordingly, she has failed to state a claim for violation of her First Amendment right.

## Conclusion

Based on the foregoing, IT IS RECOMMENDED that Grayson's motion to dismiss (Doc. 66) be GRANTED and Matthews action against him be DISMISSED WITH PREJUDICE.

## OBJECTIONS

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 10th day of April, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE