RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
4/23/15
YT

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

b

TERRI L. MATTHEWS,
    Plaintiff

VERSUS

CITY OF ALEXANDRIA,
    Defendant

CIVIL ACTION
NO. 1:13-CV-02303

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Defendant McCarthy filed a motion to dismiss or for summary judgment (Doc. 68) which should be granted.

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by pro se plaintiff Terri L. Matthews ("Matthews") on July 18, 2013 (Doc. 1) and amended on September 13, 2013 (Doc. 8), August 8, 2014 (Doc. 34), and September 12, 2014 (Doc. 49). The named defendants are the City of Alexandria, Corporal Michaels (of the Alexandria City Police), Pam McCarthy, a Special Agent employed by the Federal Bureau of Investigation and Michael Grayson (a guard at the Rapides Parish Detention Center). Matthews contends that, on August 12, 2012, she was falsely arrested by a City of Alexandria police officer for "disturbing the peace," and she was falsely imprisoned for twelve hours (Docs. 1, 3). Matthews also alleges state law claims for battery and kidnapping. For relief, Matthews asks for monetary damages and costs (Docs. 1, 8).

Matthews contends that, on August 12, 2012, when she was on her way to a scheduled meeting with FBI SA McCarthy in Alexandria

concerning wrongdoing by the government of the Village of Robeline, when she stopped at a convenience store, saw Corporal Michaels standing by the store entrance and asked him for directions to the FBI building.  Matthews alleges that, while speaking to Corporal Michaels, Matthews received a telephone call from her son; when the call concluded, Corporal Michaels took Matthews' phone from her and began looking through it (Doc. 1).  Matthews alleges that Corporal Michaels then walked over to Matthews' truck and began looking through it (Doc. 1).  When Matthews told Corporal Michaels that he did not have her permission to search her truck, he arrested Matthews, impounded her truck, held her in jail for twelve hours (Doc. 1), and released her at 10:30 p.m. (Doc. 1).  Matthews alleges she was not given a telephone call while she was in jail and her life was threatened twice by guards (Doc. 1).  Matthews further alleges that she was not allowed to get her truck out of impoundment, so she had to take a taxi back to Robeline.  Matthews contends that she has been to court in Alexandria three times, once for her arraignment and twice for hearings, but the case has never been prosecuted further (Doc. 1).[1]

Matthews' civil rights claims against the City of Alexandria have been dismissed (Doc. 57) (but not the state law claims), and

---

[1] Matthews contends that she was falsely arrested in August 2012 as part of a chain of events which began during the mayoral race in Robeline, Louisiana in 2006 (Doc. 8).  The history of those events is also set forth in Matthews' amended complaint (Doc. 8).

it has been recommended that the civil rights claims against Grayson be dismissed also (Doc.77).

Michaels was never served. Accordingly, it will be recommended that the complaint against Michaels be dismissed without prejudice under Fed.R.Civ.P. 4(m). See McGinnis v. Shalala, 2 F.3d 548, 550 (5th Cir. 1993), cert. den., 510 U.S. 1191, 114 S.Ct. 1293, 127 L.Ed.2d 647 (1994); Systems Signs Supplies v. U.S. Dept. of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990); Kersh v. Derosier, 851 F.2d 1509, 1512 (5th Cir. 1988).

McCarthy filed a motion to dismiss or, in the alternative, for summary judgment

## Law and Analysis

A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hirras v. National Railroad Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231, 114 S.Ct. 2732 (1994); Doe, 753 F.2d at 1102. For the purposes of a motion to dismiss for failure to state a claim upon which relief can be granted, the factual allegations of the complaint must be

taken as true, and any ambiguities must be resolved in favor of the pleader. Doe v. U.S. Dept. of Justice, 753 F.2d 1092, 1101 (D.C.Cir. 1985). It is presumed that general allegations embrace the specific facts that are necessary to support the claim. National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 114 S.Ct. 798, 803 (1994), citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 2137 (1992).

Factual Allegations

McCarthy argues that Matthews has failed to state a claim against her under either Section 1983 or state law.

Matthews contends she had an appointment to meet with SA McCarthy on the date she was arrested in Alexandria, and that her stopping to ask Officer Michaels for directions to that meeting precipitated her arrest.

In order to establish the personal liability of a certain defendant to a plaintiff who is claiming damages for deprivation of his civil rights, that plaintiff must show that particular defendant's action or inaction was a violation of the plaintiff's civil rights. Reimer v. Smith, 663 F.2d 1316, 1322 n. 4 (5th Cir. 1981). Also, Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092, 1098 n. 7 (1986).

Matthews' only allegation as to SA McCarthy is that she had an appointment with her. Matthews has not alleged any facts or offered any proof of any act or omission by SA McCarthy which

constituted a violation of Matthews' rights under Section 1983 or state law.

Therefore, McCarthy's motion to dismiss (Doc. 68) should be granted and Matthews' action for damages against McCarthy should be dismissed with prejudice.[2]

<u>State Law Claims Against the City of Alexandria</u>

Finally, if the court adopts the recommendations and dismisses the civil rights claims against the remaining defendants, Grayson and McCarthy, then the court should also dismiss Matthews' state law claims against the City of Alexandria.[3]

---

[2] Alternatively, McCarthy contends the complaint against her should be dismissed because of insufficiency of process and service of process pursuant to Fed.R.Civ.P. rule 12(b)(4) and (5). See Docs. 39, 40. McCarthy contends that only the original complaint was served on her, in which she is not mentioned, and that the second complaint, which added McCarthy as a defendant, was not served on her. See Rule 12(b)(4). Moreover, McCarthy complains that the U.S. Attorney General and the United States Attorney were not served, as required by Rule 12(b)(5). Rule 12(b)(4)(1) requires service of a copy of the complaint with the summons. At least one court has held that Rule 12(b)(4)(1) refers to service of the original complaint. See <u>Mortensen v. Mortgage Electronics Registration Systems</u>, Inc., 2010 WL 3339492, *1 n.3 (S.D.Ala. 2010). It is not necessary for this court to decide his point of law, since Matthews did not effect proper service of process. However, Matthews did not properly serve McCarthy because she did not also serve the United States (through the U.S. Attorney and the U.S. Attorney General) as required by Fed.R.Civ.P. rule 4(i)(3) (serving a United States officer or employee sued individually), and Matthews has not attempted to show good cause for her failure to do so. See Fed.R.Civ.P. rule 4(m). In light of Matthews' failure to state a claim against McCarthy, this argument is moot.

[3] The civil rights claims against the City of Alexandria have been dismissed (Doc. 57), but the state law claims against the City of Alexandria were not dismissed at that time since the

The general rule in the Fifth Circuit is to dismiss state claims when the federal claims to which they are pendent are dismissed. <u>Enochs v. Lampasas Cty.</u>, 641 F.3d 155, 161 (5th Cir. 2011), citing <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726, 86 S.Ct. 1130 (1966); <u>Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.</u>, 554 F.3d 595, 602 (5th Cir.2009); <u>Parker & Parsley Petroleum Co. v. Dresser Indus.</u>, 972 F.2d 580, 585 (5th Cir. 1992).

<u>Conclusion</u>

Based on the foregoing discussion, IT IS RECOMMENDED that McCarthy's motion to dismiss (Doc. 68) should be GRANTED and Matthews' action against McCarthy should be DENIED AND DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that McCarthy's complaint against Michaels be dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m), for failure to effect service of process.

IT IS FURTHER RECOMMENDED that McCarthy's pendent state law claims against the City of Alexandria be dismissed without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

---

still civil rights claims against other defendants were still pending (Doc. 57).

party's objections within **fourteen (14) days** after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 23rd day of April 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE